UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COMMUNICATIONS UNLIMITED CONTRACTING SERVICES, INC., et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:16-CV-00516<br>) |
| BROADBAND INFRASTRUCTURE CONNECTION, LLC, et al. | )<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case is before the Court on Defendant Broadband Infrastructure Connection, LLC's ("Defendant Broadband's") Motion for Leave to File Answer Out of Time. (Doc. 15). For the reasons stated below, the Court will grant Defendant Broadband's motion.

**I.    FACTUAL BACKGROUND**

On April 13, 2016, Plaintiffs filed the instant action in this Court. (Doc. 1). On June 8th, 2016, Plaintiffs delivered a copy of the summons and Complaint to the Missouri Secretary of State. On June 14, 2016, the Secretary of State mailed a copy of the summons and Complaint to 4245 Kemp Blvd., Suite 512, Wichita Falls, Texas, as instructed by Defendant Broadband in its Articles of Cancellation. (Doc. 12-2; 12-3). On June 16, 2016, the summons and Complaint were delivered to that address. (Doc. 12-4). On July 28th, 2016, Plaintiff filed a motion for entry of default against Defendant Broadband. (Doc 12). On August 5, 2016, Defendant Broadband filed a motion seeking leave to file an answer out of time. (Doc. 15). Defendant Broadband has submitted an affidavit from its president, Dennis McAden. (Doc. 15-1). Mr. McAden states that he was never personally served with the present lawsuit; that the person who signed the return receipt for the summons and

Complaint was not an employee of Defendant Broadband; that the person who signed the return receipt did not inform him that she had accepted and signed the certified mail receipt; and that when he received the materials a few days later, he did not realize that the documents meant that Defendant Broadband had been served. He states that he did not know that Defendant could be served by mail and thought service had to be made by a process server in person, so he did not forward the documents to anyone. He states that he now recognizes that this was a mistake on his part and that he did not intend to delay the proceedings.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant must answer a complaint "within 21 days after being served with a summons and complaint." Defendant Broadband was served on June 16, 2016, and therefore Defendant's answer was due by July 7, 2016. Defendant did not file an answer by that date. However, Federal Rule of Civil Procedure 6(b)(1)(B) provides, "When an act may or must be done within a specified time, the Court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." The Eighth Circuit has explained that "[e]xcusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices,* 600 F.3.d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388, 392 (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Inv. Serv's. Co.,* 507 U.S. at 395). Several factors are relevant and should be considered: (1) the possibility of prejudice to the non-moving party; (2) the length of delay and the possible impact of that delay on judicial proceedings; (3) the reasons for the delay, including whether the delay was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. *Id.*

In addition, the Court must bear in mind that "[t]he entry of default judgment is not favored by the law and should be a rare judicial act." *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995) (quotation marks and internal citations omitted). There is a 'judicial preference for adjudication on the merits.' *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir. 1998) (quoting *Oberstar v. F.D.I.C.,* 987 F.2d 494, 504 (8th Cir. 1993)). *See also Chorosevic*, 600 F.3d at 947 (considering "the judicial disfavor for default dispositions" in holding that the district court did not abuse its discretion in granting a motion for leave to file an answer out of time).

After weighing the above factors, the Court finds it appropriate to grant Defendant Broadband's motion for leave to file an answer out of time. With regard to the first factor, Plaintiffs have not shown that they would be prejudiced by the late filing. As the Eighth Circuit has noted, "numerous decisions have made clear, prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson*, 140 F.3d at 785. With regard to the second factor, the Court notes that the delay between the filing deadline and the filing of the instant motion was only 29 days. That short delay will not have a significant impact on the instant judicial pleadings, particularly given that this litigation is in its earliest stages. *See Zzipline, LLC v. Sols. Grp., Inc.*, No. 4:12CV994 JAR, 2012 WL 3150584, at *2 (E.D. Mo. Aug. 2, 2012) ("At this early stage of the litigation, there is no apparent 'impact on judicial proceedings' or prejudice to Defendants caused by Plaintiff's delay of 23 days."). With regard to the fourth factor, the Court finds that Defendant Broadband's failure to file a timely answer was not due to bad faith. The evidence suggests that the failure to answer was due to a good-faith mistake on the part of the Defendant's president, who submitted an affidavit stating that he did not realize that he had been properly served and that he did not intend to delay the proceedings.

The parties' dispute primarily concerns the third factor: the reason for the delay. Defendant Broadband argues that its president did not realize that it had been properly served with the instant

lawsuit, because he did not realize that Defendant Broadband could be served by mail rather than by a process server and because the initial certified mail was received by someone who was not an employee of Defendant Broadband. Plaintiff argues that this reason is insufficient to constitute excusable neglect. Plaintiff offers several arguments as to why Defendant Broadband should have recognized that it had been properly served, including the fact that Defendant Broadband was served at the address where its president had specified in state paperwork that service of process should be mailed, the fact that Defendant Broadband's owner admits that he received the papers within a few days of the date they were served, and the fact that Defendant Broadband previously been made aware of the lawsuit because Plaintiff had mailed to Defendant Broadband copies of a Notice of Lawsuit and Request to Waive Service and had not returned it. The Court agrees that a reasonably prudent person in the position of Defendant Broadband's owner should have either recognized that Defendant Broadband had been served, or at least consulted with its attorney to determine whether it had been properly served. However, Defendant Broadband has adequately shown that the failure to do so was based on a good-faith mistake, and the Eighth Circuit and this court have often found excusable neglect in cases involving similar inadvertence or mistake. *See Chorosevic,* 600 F.3d at 946-47 (affirming finding of excusable neglect where the failure to file an answer was based on an "inadvertent oversight" but there was no bad faith and no prejudice); *Johnson*, 140 F.3d at 784 (finding excusable neglect where the defendant neglected to file an answer due to "poor communication" between the defendant, its attorney, and its insurer); *Feeney v. AT & E, Inc.,* 472 F.3d 560 (8th Cir. 2006) (finding excusable neglect where the defendant did not respond to motion because he had not checked his mail for two months); *Union Pac. R.R. Co. v. Progress Rail Servs. Corp.,* 256 F.3d 781, 782-83 (8th Cir. 2001) (finding excusable neglect where defendant neglected to file an answer because of recording error by legal department). The Court is not required to find Defendant Broadband absolutely blameless in causing the delay in order to find that this factor favors permitting a late filing.

Plaintiffs appear to suggest that Defendant Broadband must make a more specific or more satisfactory showing of its reasons for the delay in order to prevail on the instant motion. However, that argument is not supported by Eighth Circuit case law. *See Chorosevic,* 600 F.3d at 946-47 (rejecting the plaintiff's argument that the district court should have required a more satisfactory explanation for the missed deadline before considering the other equitable factors and making a finding of excusable neglect; noting that "a finding of sufficient innocence on the part of the movant *is not a condition precedent to our obligation to consider the other equitable factors*") (emphasis in original); *Feeney*, 472 F.3d at 563 ("[E]ven without a satisfactory explanation, relief may be required where other equitable considerations weigh strongly in favor of setting aside the default judgment."); *Union Pac.*, 256 F.3d at 782 (holding that the district court erred in focusing exclusively on the inadequate and unsatisfactory nature of the defendant's proffered reason for delay and not adequately considering the other relevant equitable factors).

Here, even if Defendant Broadband's explanation is not entirely satisfactory, the equitable factors as a whole favor a finding of excusable neglect. The failure to file an answer was based on a good-faith mistake, will not prejudice Plaintiffs, and will not have a significant impact on the judicial proceedings. In addition, the Courts preference for adjudicating cases on the merits, and the disfavor with which default judgments are regarded, weigh in favor of finding excusable neglect here. To the extent that Plaintiffs rely on cases involving requests for leave to file untimely materials other than answers, the Court finds such cases largely inapposite. The Eighth Circuit has suggested that cases where "the judicial disfavor for default dispositions is not implicated" are distinguishable from cases in which that disfavor is implicated. *See Chorosevic*, 600 F.3d at 947.

### III.   CONCLUSION

For all of the above reasons, Defendant Broadband's Motion for Leave to File Answer Out of Time (Doc. 15) is **GRANTED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of October, 2016.