UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COMMUNICATIONS UNLIMITED CONTRACTING SERVICES, INC.; CHARTER OAK FIRE INSURANCE COMPANY; and ST. PAUL FIRE & MARINE INSURANCE COMPANY, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:16CV00516 AGF<br>) |
| BROADBAND INFRASTRUCTURE CONNECTION, LLC; and MID-CONTINENTAL CASUALTY COMPANY, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant Broadband Infrastructure Connection, LLC, ("Broadband") to compel Plaintiff Communications Unlimited Contracting Services, Inc. ("Communications Unlimited") to produce the documents requested in Broadband's First Request for Production of Documents. As relevant to the motion to compel, Communications Unlimited brings this case for indemnification from Broadband for the settlement amount Communications Unlimited paid in another lawsuit based on the conduct of one James Helderle in December 2012 while he was employed as a cable technician. Communications Unlimited asserts that Broadband exercised completed domination and control over Helderle's employment,

and thus Broadband, and not Communications Unlimited, was the true employer of Helderle. This assertion is based in part on alleged payments made by Broadband to Communications Unlimited pursuant to a Master Servant Agreement between these two parties.

The motion to compel discovery was filed on June 29, 2017, and sought an order compelling production of the following documents: Communications Unlimited's payroll records from October 2012 through December 2012 for Robert Sebring, the individual who interviewed and hired Helderle (Request No. 1); documents sent by Communications Unlimited to an employee (Ronald Williams) of another company (Charter Communications, Inc.) regarding Helderle's hire, including an email sent to Williams on October 8, 2012. (Request No. 3); and documents showing any payment Broadband made to Communications Unlimited pursuant to the Master Servant Agreement (Request No. 6).

Communications Unlimited did not respond to the motion to compel discovery, and on August 8, 2017, Broadband filed a motion for a ruling on its motion to compel discovery. Two days later, Communications Unlimited filed a response, stating that the reason it did not respond to the motion to compel was because it thought its June 29, 2017 supplemental production mooted the discovery dispute. Communications Unlimited, however, acknowledged that it continued to object to Request No. 1 on relevancy grounds. It asserted that it has produced all documents responsive to Requests No. 3 and 6 in its possession. In its reply, filed on August 16, 2017, Broadband

acknowledges that Request No. 6 is no longer in dispute, but maintains that the documents sought in Request No. 1 are relevant, and that Communications Unlimited's supplemental production did not include "the October 8, 2012 email or any information and/or documents provided to Charter by [Communications Unlimited] regarding Helderle on or about October 8, 2012." ECF No. 70 at 4.

Upon review of the record, the Court agrees with Broadband that Request No. 1, is relevant to Broadband's defense that it was not responsible for the hiring or conduct of Helderle; furthermore, the request is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(2)(1). The Court further concludes that Request No. 3 seeks relevant evidence that should be provided to Broadband. It appears from the record that Communications Unlimited should have copies of the documents sought, especially the October 8, 2012 email referenced above. Thus, if Communications Unlimited maintains that it does not have the documents at issue, the Court will order Communications Unlimited to submit proof to the Court of efforts taken to locate the documents at issue, and if they no longer exist, to explain to the Court what happened to them and why.

Accordingly,

**IT IS HEREBY ORDERED** that the motion (ECF. No. 55) of Defendant Broadband Infrastructure Connection, LLC, to compel discovery is **GRANTED** with respect to its Production Requests Nos. 1 and 3. Communications Unlimited shall produce the documents within **seven days** of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if Communications Unlimited maintains that

it does not have the documents at issue in Request No. 3, Communications Unlimited shall, within seven days of the date of this Memorandum and Order, submit proof to the Court of efforts taken to locate the documents, and if they no longer exist, to explain to the Court what happened to them and why.

    **IT IS FURTHER ORDERED** that the motion (ECF No. 67) Defendant Broadband Infrastructure Connection, LLC, for a ruling on the above motion is **DENIED** as moot.

                                             _/s/ Audrey G. Fleissig_
                                             AUDREY G. FLEISSIG
                                             UNITED STATES DISTRICT JUDGE

Dated this 1st day of September, 2017.