**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| COMMUNICATIONS UNLIMITED, CONTRACTING SERVICES, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:16-CV-00516-AGF |
| BROADBAND INFRASTRUCTURE CONNECTION, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Upon review of the record and following the final pretrial conference in this case held on the record on April 3, 2019, and for the reasons stated more fully on the open record, the Court sets forth its rulings on the parties' motions in limine as follows:

**IT IS HEREBY ORDERED** that CUI's motion in limine is **GRANTED in part and DENIED in part**, as set forth below.  ECF No. 187.

1. Evidence concerning Broadband's net worth or valuation of Broadband and any financial disparity between the parties:  **DENIED as moot**, as Defendants do not intend to offer evidence of Broadband's financial circumstances.  Defendants may offer evidence that Broadband is no longer in business.  However, evidence of an Asset Purchase Agreement between CUI and Broadband dated April 2013, subsequent to the events relevant to this case, will be excluded.

2. Evidence of uncalled witnesses: **DENIED as moot**. Neither party intends to adduce evidence of uncalled witnesses.

3. Evidence of Charter's understanding of CUI's and Broadband's business operations: **GRANTED** to the extent offered to challenge the credibility or truthfulness of CUI witnesses or to prove CUI's control over Broadband. However, such evidence will be permitted to the extent relevant to CUI's motivation to conceal Broadband's role in CUI's service to Charter.

4. Evidence or testimony concerning the Master Contractor Agreement between CUI and Charter: **GRANTED** at this time for the same reason. Defendants may seek leave to introduce this evidence should it become relevant for purposes of impeachment or if otherwise invited by Plaintiffs.

5. Evidence of other lawsuits involving Plaintiffs: **DENIED as moot**, as Defendants do not intend to offer such evidence.

6. Evidence, testimony, or argument about the relationship between CUI's three corporate entities: **DENIED as moot**, as Defendants do not intend to offer such evidence.

7. Testimony that James Helderle was only a potential or prospective employee of Broadband: **DENIED as moot**; Plaintiffs have withdrawn their motion with respect to this evidence.

8. Witnesses, documents, and information not produced in discovery: **DENIED as moot**. Neither party intends to adduce such evidence.

**IT IS FURTHER ORDERED** that Broadband's motion in limine is **GRANTED in part and DENIED in part**, as set forth below.  ECF No. 177.

1. Evidence of CUI's damages in excess of $150,000:  This matter is held in abeyance pending the parties' determination and the Court's resolution of how the case is to be structured for trial and presented to the jury.

2. Argument that CUI is an agent of Travelers:  This matter is held in abeyance pending the parties' determination and the Court's resolution of how the case is to be structured for trial and presented to the jury.

3. Any claim or computation of CUI's claimed damages not previously disclosed:  This matter is held in abeyance pending the parties' determination and the Court's resolution of how the case is to be structured for trial and presented to the jury.

4. Claims and theories of liability not pleaded in CUI's complaint:  **DENIED**.

5. Broadband's settlement with Jane Doe:  **GRANTED**, except to the extent Defendants open the door to such evidence.

6. The details of Helderle's assault on Doe:  **DENIED as moot**.  The parties shall agree on language describing the fact and general nature of Helderle's assault without reference to specific details revealed in Doe's underlying petition.

7. Argument or implication that certain documents bearing a Broadband bates label are Broadband documents:  **DENIED as moot**, as Plaintiffs do not intend to insert this issue.

8. Character evidence regarding any party's employee and regarding Helderle: **DENIED as moot**, as Plaintiff does not intend to offer such evidence.

9. Testimony about the credibility of other witnesses: **DENIED as moot**. Neither party intends to offer such evidence.

**IT IS FURTHER ORDERED** that Mid-Continent's motion in limine is **GRANTED in part and DENIED in part**, as set forth below. ECF No. 175.

1. Evidence or testimony as to whether Mid-Continent's policy covers Plaintiffs' claimed loss: **DENIED as moot**. Neither party intends or shall be permitted to offer evidence on the legal question of whether Mid-Continent's policy covers CUI's claimed loss. However, the parties shall be permitted to discuss the existence of insurance policies and insurer parties as relevant to the factual disputes to be resolved by the jury.

2. The details of Helderle's assault: **DENIED as moot**, for the reasons previously stated.

**IT IS FURTHER ORDERED** that Broadband's motion to strike and for protective order regarding witness Heather Hatley is **DENIED as moot**. ECF No. 192. Plaintiffs do not intend to call this witness.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2019.