**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| COMMUNICATIONS UNLIMITED, CONTRACTING SERVICES, INC., et al., | ) ) ) ) | |
|     Plaintiffs, | ) ) | |
|     v. | ) ) | No. 4:16-CV-00516-AGF |
| BROADBAND INFRASTRUCTURE CONNECTION, LLC, et al., | ) ) ) | |
|     Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Mid-Continent's motion to alter or amend the judgment.  Doc. 308.  For the reasons set forth below, the motion will be denied.

## BACKGROUND

Plaintiffs Communications Unlimited (CUI) and its insurer Travelers filed this action for indemnification and contribution after Defendants Broadband (now defunct) and its insurer Mid-Continent denied defense and coverage for a negligence lawsuit against CUI and Broadband.  On September 1, 2021, this Court issued a Memorandum Opinion finding that Broadband was contractually obligated to indemnify CUI for the underlying settlement pursuant to the terms of their subcontracting agreement (the "MSA"), and that CUI was entitled to defense and coverage under Broadband's insurance policies with Mid-Continent naming CUI as an additional insured.  Doc. 304.  The Court

found that Plaintiffs were entitled to recover their defense costs and full indemnification for the settlement.  As relevant to the present motion, the Court concluded that Mid-Continent's excess policy applied before Travelers' policies by virtue of Broadband's assumption of liability under the MSA, notwithstanding "other insurance" provisions in Mid-Continent's polices.  Doc. 304 at 24-26.

In support of its motion to alter or amend the judgment, Mid-Continent asserts that the Court misapplied Eighth Circuit and Missouri appellate precedent in concluding that the MSA renders Mid-Continent's policy primary.  In response, Plaintiffs argue that Mid-Continent improperly seeks to relitigate an issue already fully examined by the Court, and that in any case the Court's legal conclusion was correct.

## DISCUSSION

### Legal Standard

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment.  Fed. R. Civ. P. 59(e).  Rule 59(e) gives the court power to rectify its own mistakes following entry of judgment.  *White v. N.H. Dep't of Emp't Sec*., 455 U.S. 445, 450 (1982).  Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).  District courts have broad discretion in determining whether to grant a Rule 59(e) motion.  *Id*.

### Analysis

Mid-Continent takes issue with the Court's reliance on *Wal-Mart Stores, Inc. v. RLI Ins. Co.*, 292 F.3d 583, 590 (8th Cir. 2002), and *Fed. Ins. Co. v. Gulf Ins. Co.*, 162

S.W.3d 160, 165 (Mo. App. E.D. 2005).  In both cases, the courts discussed the hazard of

circuitous litigation that would result from application of the "other insurance"

provisions.  Mid-Continent argues that such a concern is not present here because

Broadband was dismissed from the suit and Mid-Continent's counterclaim against

Plaintiffs was barred.  Mid-Continent asserts that the policies should control without

regard to the MSA.

The Court does not agree that *Wal-Mart* and *Federal Insurance* fail to provide

authority or at least persuasion here simply due to procedural posture.  General principles

of contract interpretation still apply.  Those principles recognize that, while competing

"other insurance" clauses are "mutually repugnant" and are treated to pro-rate coverage,

an indemnity agreement may shift an entire loss to one insurer.  *Federal Ins. Co.*, 162

S.W.3d at 164.  Courts give controlling effect to the indemnification obligation over

"other insurance" clauses, particularly where one of the policies covers the indemnity

obligation.  *Id.* at 165.

> The rationale for this exception is to give effect to the insureds' indemnity
> agreement. To hold otherwise would render the indemnity contract between
> the insureds completely ineffectual and would obviously not be a correct
> result, for it is the parties' rights and liabilities to each other which
> determine the insurance coverage; the insurance coverage does not define
> the parties' rights and liabilities one to the other. To apply the "other
> insurance" provisions to reduce the indemnitor's insurer's liability would
> serve to abrogate the indemnity agreement.

*Id.* (cleaned up).

Mid-Continent's attempt to disregard Broadband's indemnity obligation under the

MSA is wholly inconsistent with the foregoing principles, and the Court is not persuaded

that this precedent is inapplicable merely because there is no risk of circuitous litigation in this particular case. *See also Amerisure Mut. Ins. Co. v. Fed. Ins. Co.*, Case No. 4:15-CV-509-SPM, 2016 WL 1721124, at *11 (E.D. Mo. Apr. 29, 2016) (enforcing indemnity agreement over "other insurance" clauses).

Nor does the parties' dismissal of Broadband on the eve of trial change this analysis. Indeed, Mid-Continent is estopped from making this argument. As stated in the Court's Opinion, the parties stipulated that the dismissal of Broadband would "have no preclusive effect on any remaining claims, and the entire loss can be claimed by Plaintiffs against Defendant Mid-Continent Casualty Company." Doc. 201.

There is no manifest error of law or fact in the Court's conclusion warranting relief under Rule 59(e).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Mid-Continent's motion to alter or amend the judgment is **DENIED**.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of November 2021.

4